UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| SILAS HARRIS, | : |
| Petitioner, | : |
| V. | : CASE NO. 3:06-CV-678(RNC) |
| J.C. MINER, | : |
| Respondent. | : |

RULING AND ORDER

Petitioner, a Connecticut inmate proceeding pro se, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has moved to dismiss on the grounds that the action is barred by the one-year statute of limitations provided by 28 U.S.C. § 2244(d) and petitioner has failed to exhaust state remedies with regard to some of the claims. I agree that the action is time-barred and therefore grant the motion to dismiss.

I. Background

Following a jury trial in Connecticut Superior Court in 1986, petitioner was convicted of robbery, conspiracy to commit robbery and possession of a sawed-off shotgun and sentenced to prison for twenty-five years. On appeal, he challenged the trial court's instructions on the elements of conspiracy to commit robbery in the first degree. In addition, he argued that his convictions for both possession of a sawed-off shotgun and robbery in the first degree violated his rights under the Double

Jeopardy Clause of the Fifth Amendment. The Connecticut Appellate Court affirmed, 11 Conn. App. 397 (1987), and the Connecticut Supreme Court denied certification to appeal. State v. Harris, 205 Conn. 801 (1987).

In 1988, petitioner filed an action for a writ of habeas corpus in Connecticut Superior Court claiming that perjured testimony was used to convict him and that the testimony of a previously unavailable participant in the robbery would likely create a reasonable doubt as to his guilt. See Harris v. Comm'r of Corr., No. CV 88-557, 1991 WL 121674 (Conn. Super. Ct. June 21, 1991). The action was dismissed on June 21, 1991. Id. Petitioner did not appeal.[1]

In December 1997, petitioner commenced another action for a writ of habeas corpus in state court claiming that his 1986 convictions should be invalidated because of ineffective assistance of trial, appellate and habeas counsel. See Harris v. Warden, No. CV 97-0002609, 2003 WL 21675140 (Conn. Super. Ct. June 24, 2003). The Superior Court denied the petition on June 24, 2003. The Connecticut Appellate Court dismissed the ensuing appeal on November 1, 2005. Harris v. Comm'r of Corr., 92 Conn.

---

[1] Also in 1991, petitioner was convicted of second-degree assault, rioting in a correctional institution and possession of a dangerous weapon in a correctional institution. He was adjudged to be a "persistent serious felony offender" and sentenced to thirty-five years to run consecutive to his previous sentence. See State v. Harris, 227 Conn. 751 (1993).

2

App. 903 (2005). The Connecticut Supreme Court denied certification to appeal on December 22, 2005. Harris v. Comm'r of Corr., 276 Conn. 933 (2005).

The present petition was filed on March 31, 2006, in the United States District Court for the Middle District of Pennsylvania. On April 26, 2006, the petition was transferred to this Court pursuant to 28 U.S.C. § 1404(a). On October 10, 2006, petitioner was ordered to file an amended petition using the proper District of Connecticut application form. Because he failed to comply, the petition was dismissed. Petitioner subsequently submitted an amended petition on the proper form and moved to reopen the case. His motion was granted on February 28, 2008.

As amended, the petition challenges the 1986 convictions on the following grounds: (1) violation of the Double Jeopardy Clause; (2) actual innocence based on newly discovered evidence; (3) withholding of evidence; (4) insufficiency of the evidence on the conspiracy charge; (5) improper use of the 1986 convictions to enhance a sentence for subsequent convictions; (6) ineffective assistance of trial counsel; and (7) ineffective assistance of appellate counsel.

II. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations for filing a

3

federal habeas corpus petition for persons in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d). The one-year period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner's conviction became final before the enactment of AEDPA on April 24, 1996. Under the one-year grace period adopted for such cases in Ross v. Artuz, 150 F.3d 97, 103 (2d Cir. 1998), petitioner was required to file his petition by April 24, 1997. This petition was filed on March 31, 2006, almost nine years too late.[2] Therefore, the petition is time-barred by the statute of

---

[2] The statute of limitations is tolled during the pendency of a properly filed application for state habeas relief, 28 U.S.C. § 2244(d)(2), but this does not help petitioner because his state habeas petition was filed eight months after the expiration of the grace period, on December 24, 1997.

4

limitations found in 28 U.S.C. § 2244(d)(1)(A).

Petitioner contends that the action is not time-barred under this section of AEDPA because he was ordered to file an amended petition on October 10, 2006. The October 10 order did not address the statute of limitations, either expressly or by implication, and petitioner's belated compliance with the order provides no basis for avoiding the filing deadline established by AEDPA.

Petitioner also contends that the amended petition "relates back" under Rule 15(c)(1)(b) of the Federal Rules of Civil Procedure to his first state habeas petition, which was filed in 1988. An amendment may relate back to an original pleading in certain circumstances, Fed. R. Civ. P. 15(c)(1), and a habeas petition may be amended in the same manner as an ordinary complaint. See 28 U.S.C. § 2242. But the 1988 petition was dismissed in 1991 and there was no appeal. The 1988 petition is not revived simply because the current amended petition relates to the same criminal case. Otherwise, the one-year limitation period would have little significance. See United States v. Duffus, 174 F.3d 333, 338 (3d Cir. 1999) ("A prisoner should not be able to assert a claim otherwise barred by the statute of limitations merely because he asserted a separate claim within the limitations period."). Instead, the "original pleading" to which the present amended petition relates is the federal habeas

5

petition filed in the Middle District of Pennsylvania on March 31, 2006, well beyond the expiration of the one-year grace period.

In view of petitioner's claim of actual innocence, it is possible that the one-year limitation period provided by AEDPA did not begin to run until the date on which the factual predicate of this claim could have been discovered through the exercise of due diligence. See 28 U.S.C. 2244(d)(1)(D). However, petitioner raised this same claim - relying on a purported confession by a prisoner named Biggs - when he filed his first state habeas petition in 1988. The claim was considered and rejected by the state habeas judge, who determined that Biggs's testimony was "incredible." Harris v. Comm'r. of Corr., No. CV 88-557, 1991 WL 121674 (Conn. Super. June 21, 1991). Because this "new evidence" was in fact discovered well before the expiration of the one-year grace period, the petition is time-barred even under § 2244(d)(1)(D).

III. Certificate of Appealability

When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, a certificate of appealability should issue if the prisoner shows that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). When a plain procedural bar

6

is present, "a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id. That is the situation presented here. Accordingly, a certificate of appealability will not issue.

IV. Conclusion

The motion to dismiss the petition as time-barred is hereby granted. The Clerk is directed to enter judgment for the respondent and close the case.

So ordered at Hartford, Connecticut this 31st day of October 2008.

                                                     /s/ RNC
                                        Robert N. Chatigny
                                United States District Judge